UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY J. CRAGO,<br><br>  Plaintiff,<br><br>  v.<br><br>INTERNAL AFFAIRS, SACRAMENTO SHERIFF,<br><br>  Defendant. | No. 2:19-cv-02509 MCE AC (PS)<br><br>ORDER |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff was previously granted leave to proceed in forma pauperis ("IFP"), though her initial complaint was rejected pursuant to the screening process required by the IFP statute. See 28 U.S.C. § 1915(a)(1); ECF No. 4. Plaintiff has submitted a First Amended Compliant, now before the court for screening. ECF No. 5.

**I. SCREENING**

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly

1

baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

A. The Complaint

Plaintiff's 39 page First Amended Complaint ("FAC") lists four defendants: "Sacramento Sherriff Officer #1," "Sacramento Sherriff # 2," "Sacramento Sherriff Sargent," and "Internal Affairs." ECF No. 5 at 15. Plaintiff separately lists "Partys [sic] to the Action," including "AL Zoget," "Wap Towing," and "William McDonald." Id. at 16. The FAC states "1. Sargent for 4th Amendment False Records," "2. Officer 1 and 2 [unclear] Amendment Discrimination," and "3.

2

Internal Affairs for Due Process." Id. at 17.  Plaintiff also references the Fourth Amendment's prohibition on unlawful search and seizure under the color of law, and 42 U.S.C. § 1983.  Id. at 18.  Plaintiff later states that her causes of action are: (1) failing to respond; (2) failing to investigate, (3) failing to hold officers accountable, 4th Amendment violation, 14th Amendment violation 5th Amendment violation, and Due Process violation.  Id. at 19.

In her statement of facts, plaintiff alleges that on December 7, her 1981 Ford truck was parked on Lenore way and her friend AL's van was parked behind it.  Id. at 20.  Two sheriff's cars pulled up and Officers 1 and 2 told AL they were towing his van because of an expired registration, and they were also towing plaintiff's truck for an expired registration.  Id.  Plaintiff told the officers she wanted to speak to a Sargent, because her vehicle was parked and not being operated on the highway, so it needed to be tagged with a 72 hour notice to move it unless it was blocking traffic, causing a road hazard, had more than 5 parking violations, or if the driver was arrested.  Id.  The officers informed her a Sargent was on the way to speak with her.  Id.

When the Sargent arrived, she informed plaintiff that she had looked up her vehicle information and was towing it because it had 5 parking violations.  Id. at 21.  Plaintiff alleges this is falsified information.  Id.  Both vehicles were towed.  Id. at 22.  Plaintiff filed a citizen's complaint on December 8, 2019 regarding the incident, but she has not received an answer or had any return to her phone calls.  Id. at 23.  Plaintiff's FAC goes on to list the following causes of action: (1) falsifying records/false pretenses, (2) illegal search and seizure, (3) abuse of power. Id. at 25-26.  The FAC follows with another "statement of facts" repeating the allegations that a complaint was filed on December 8, 2019, and that internal affairs failed to respond or investigate.  Id. at 27.  The FAC goes on to allege again that the Sargant falsified information.  Id. at 28.

Plaintiff alleges that she has suffered emotional distress because she spent the last 6 months rebuilding her truck, replacing several parts.  Id. at 29.  Plaintiff alleges that the towing of her car resulted in a delay in her education for her brokers license for property and casualty insurance, which she is obtaining online.  Id.  Plaintiff was living in her truck, and now she must staying the back yard in a tent garage, which has caused her lower back pain and difficulty

maintaining personal hygiene. Id. Plaintiff's lack of transportation has caused her emotional distress. Id. Plaintiff requests that her truck be returned and that the towing and registration fees be waived. Id.

    B. Analysis

        1. Fourth Amendment Claim

Plaintiff's FAC states a Fourth Amendment claim which can be brought against the individual officer defendants pursuant to 42 U.S.C. § 1983, insofar as she raises the claim solely on her own behalf. The Fourth Amendment, which applies to the states through the Fourteenth Amendment, protects against unreasonable searches and seizures by law enforcement officers. Mapp v. Ohio, 367 U.S. 643, 655 (1961). "The impoundment of an automobile is a seizure within the meaning of the Fourth Amendment." Miranda v. City of Cornelius, 429 F.3d 858, 862 (9th Cir. 2005). The Fourth Amendment does not prohibit all search and seizure. "[I]f the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid." Carroll v. United States, 267 U.S. 132, 149 (1925), see also, United States v. Hartz, 458 F.3d 1011, 1017 (9th Cir. 2006) ("A police-initiated traffic stop is reasonable under the Fourth Amendment if the police stop the vehicle because of a 'reasonable suspicion' that the vehicle's occupants have broken a law." (citation omitted)).

Plaintiff alleges that the officers used falsified information to justify the seizure of her vehicle, making the seizure unreasonable. Id. at 21. This is sufficient, for screening purposes, to require Sacramento Sherriff Officer #1," "Sacramento Sherriff # 2," "Sacramento Sherriff Sargent," to respond to plaintiff's Fourth Amendment claim for unlawful seizure.

However, although plaintiff states a Fourth Amendment claim, the FAC cannot be served even as to this claim because plaintiff does not name any defendant for service: plaintiff names Sacramento Sherriff Officers #1 and #2 and "Sacramento Sherriff Sargent," and the use of only unnamed "Doe defendants" is not sufficient for service. Under Federal Rule of Civil Procedure 4(e) "an individual . . . may be served in a judicial district of the United States by . . . doing any of

the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." See Fed. R. Civ. P. 4(e)(2).

Although the use of fictitiously named Doe defendants is generally not favored, Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) (citation omitted), amendment is allowed to substitute true names for fictitiously named defendants, see Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989). While plaintiff has stated a claim against the Doe defendants, due to the impossibility of serving an unknown individual, the court will not order service on the Doe defendants until plaintiff has identified them. Plaintiff may seek such information through the California Public Records Act, Calif. Gov't. Code § 6250, et seq., or other means available to plaintiff.

### 2. Pleading Requirements of the Federal Rules of Civil Procedure

The court must reject the remainder of plaintiff's complaint because it does not comply with Fed. R. Civ. P. 8 or Fed. R. Civ. P. 12(b)(6). The complaint does not contain a "short and plain" statement setting forth plaintiff's entitlement to relief or the relief that is sought against each defendant, even though those things are required by Fed. R. Civ. P. 8(a)(1)-(3). Although plaintiff has corrected some of the defects of her initial Complaint by specifying several constitutional provisions, the multiple sections of the FAC that lists her causes of action makes it unclear what she is alleging against whom. For example, although plaintiff alleges a violation of due process, it is unclear against whom that claim is alleged. Further, the FAC does not satisfy Rule 12(b)(6) as to this claim because plaintiff does not state facts to support it.

"A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist., 149 F.3d 971, 982 (9th Cir. 1998). It is unclear whether plaintiff is alleging that the seizure of her vehicle violated her due process rights, or that the failure to investigate the seizure violated her due process rights.

Moreover, plaintiff does not identify what procedural protection she believes she was entitled to but denied. Plaintiff's references to "failing to respond" and "failing to investigate" are likewise vague as to whom they are alleged against and what legal cause of action they represent.

Additionally, plaintiff does not provide facts identifying the alleged violations of law by "Internal Affairs." To the extent plaintiff seeks to hold the Sherriff's department as a municipal entity liable for a constitutional violation under § 1983, her FAC does not satisfy Rule 12(b)(6). "Local government entities are considered 'persons' for purposes of § 1983 and can be sued directly for monetary, declaratory, or injunctive relief where 'the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers.'" Anderson v. Warner, 451 F.3d 1063, 1070 (9th Cir. 2006) (quoting Monell v. Dep't of Soc. Servs. of New York City, 436 U.S. 658, 690, (1978)). "To impose liability on a local governmental entity for failing to act to preserve constitutional rights, a section 1983 plaintiff must establish: (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" Oviatt v. Pierce, 954 F.2d 1470, 1474 (9th Cir.1992); Anderson, 451 F.3d at 1070. There must be a "direct causal link" between the policy or custom and the injury, and plaintiff must be able to demonstrate that the injury resulted from a "permanent and well settled practice." Anderson, 451 F.3d at 1070. Plaintiff has alleged none of the required facts.

### 3. Additional Parties Named in Amended Complaint

Finally, it appears that plaintiff either seeks to represent additional parties or add additional defendants, including "AL Zoget," "Wap Towing," and "William McDonald." Id. at 16. The court cannot tell from the FAC whether plaintiff seeks to represent these individuals or if she seeks to sue them. In the event plaintiff intends to bring claims on behalf of her friend AL Zoget, who was apparently present at the time of the alleged incident, the court notes for plaintiff's benefit that she, as a pro se litigant, can represent only herself. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule

prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity.").

### 4. Conclusion

The only cognizable claim in the FAC is plaintiff's Fourth Amendment claim pursuant to 42 U.S.C. § 1983, but the defendants against whom that claim is stated are identified only as Does and therefore cannot be served. Because the only cognizable claim does not permit service, and because the FAC otherwise fails to comply with Fed. R. Civ. P. 8 or Fed. R. Civ. P. 12(b)(6), the FAC cannot pass screening. Rather than recommending dismissal of the action, the undersigned will provide plaintiff the opportunity to amend the complaint for a second time in accordance with the analysis above.

## II. AMENDING THE COMPLAINT

The amended complaint must contain a short and plain statement of plaintiff's claims. It must name at least one defendant who can be served. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The amended complaint must cure the defects in the FAC described above: it must set forth the required facts to support each claim brought, plaintiff must not purport to represent anyone other than herself, and it must make clear which causes of action are alleged against which defendants.

### III. PRO SE PLAINTIFF'S SUMMARY

Your First Amended Complaint makes a claim that your Fourth Amendment right against unlawful seizure was violated by individual officers. However, you do not name individuals that can be served – you need to use at least one of their names in order for your complaint to be served. The rest of your First Amended Complaint is not clear enough and does not provide enough facts to pass screening. For these reasons, your lawsuit cannot proceed on the basis of the First Amended Complaint. However, you are being given leave to amend. Within 30 days, you may submit a Second Amended Complaint that re-states your Fourth Amendment unreasonable seizure claim, names individual officers, and clarifies any other claim(s) you wish to bring on your own behalf about violations of your own rights. You may not represent anyone but yourself.

////
////
////
////
////

# IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff has 30 days from the date of this order to file a Second Amended Complaint that complies with the conditions above. Failure to comply with this order will result in a recommendation that this action be dismissed.

DATED: February 12, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE