UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY J. CRAGO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LYNN, CARD, KNACKE.,<br><br>　　　　　Defendants. | No.  2:19-cv-02509 MCE AC<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this matter pro se and in forma pauperis, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Defendants Lynn, Card, and Knacke, all Sacramento County Sherriff's Officers, have filed a Motion to Dismiss Plaintiff's Second Amended Complaint.  ECF No. 13.  Plaintiff has opposed the motion, ECF No. 18, and defendants have replied, ECF No. 19.  For the reasons that follow, the undersigned recommends the motion be GRANTED and that this case be DISMISSED in its entirety for failure to state a claim upon which relief may be granted.

### I.  BACKGROUND

　　A.　　The Second Amended Complaint

Plaintiff, proceeding in pro se and in forma pauperis, filed a complaint against Internal Affairs, Sacramento County Sheriff on December 16, 2019. ECF No. 1.  Her original complaint and her first amended complaint (filed January 29, 2019, ECF No. 5) were both dismissed upon

screening with leave to amend, pursuant to 28 U.S.C. § 1915(e)(2).  ECF No. 6.  On March 6, 2020, Plaintiff filed her second amended complaint ("SAC") against the Officer defendants.  It was screened and served.  ECF No. 8.

Plaintiff's second amended complaint presents two causes of action: (1) the unlawful seizure of her 1991 Ford truck in violation of the Fourth Amendment, against all defendants; and (2) falsification of information during the course of such impoundment in violation of 18 U.S.C. § 1519 and/or 18 U.S.C. § 242, against defendant Lynn.  ECF No. 7 at 24.

The SAC alleges as follows.  On December 7, 2019, Officers Knacke and Card informed plaintiff that her truck, which was parked on the road, was going to be towed.  Id. at 27.  Plaintiff requested to speak to a sergeant, as she believed she was entitled to 72-hours notice, at which point Officer Lynn was called.  Id.  Lynn stated that the car was being impounded because the registration was "years expired."  Id. at 17.  After plaintiff responded that it was not years expired, Lynn "willfully lied" about her truck having over 5 citations in order to "give [the Officers] grounds" to tow her truck.  Id. at 28.  Plaintiff's truck was then impounded.

Attached to the SAC is a document from the California Department of Motor Vehicles regarding the status of the truck's title and registration.  Id. at 30.  Plaintiff avers that this is the "current registration paperwork" for the impounded vehicle.  Id. at 28.  The document provides a registration expiration date of July 31, 2018, and informs plaintiff that her application for transfer of title and registration is incomplete.  A smog inspection and certificate are required, and fees are owed in the total amount of $256.00.  Id. at 30.  Plaintiff points to this document in support of her contention that she did not have outstanding parking tickets as Officer Lynn falsely stated.  Id. (handwritten notation: "fee do[es] not have any parking violation included").

B. Motions to Dismiss

Defendants now move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  ECF No. 13.  The court agrees that the Second Amended Complaint fails to state a viable claim, and that this case must be dismissed.

////

////

## II. ANALYSIS

### A. Legal Standards Governing Motions to Dismiss

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. N. Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See W. Min. Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), opinion amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001).

////

1    Pro se pleadings are held to a less stringent standard than those drafted by lawyers.
2 Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may
3 only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support
4 of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir.
5 2014).  The court's liberal interpretation of a pro se complaint, however, may not supply essential
6 elements of the claim that were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d
7 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992), as
8 amended (Oct. 9, 1992).  A pro se litigant is entitled to notice of the deficiencies in the complaint
9 and an opportunity to amend, unless the complaint's deficiencies could not be cured by
10 amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

11    The court can consider a written instrument attached as an exhibit to a complaint in a
12 motion to dismiss.  Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a
13 pleading is a part of the pleading for all purposes."); Lee v. City of Los Angeles, 250 F.3d 668, 688
14 (9th Cir. 2001) ("[A] court may consider 'material which is properly submitted as part of the
15 complaint' on a motion to dismiss without converting the motion to dismiss into a motion for
16 summary judgment.") (quoting Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994), overruled by
17 Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002)); Hal Roach Studios, Inc. v.
18 Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

19    B.  **Plaintiff Does Not State a Claim Under 42 U.S.C. § 1983**

20    42 U.S.C. § 1983 provides a private cause of action for those alleging a deprivation of a
21 Constitutional right.  "The impoundment of an automobile is a seizure within the meaning of the
22 Fourth Amendment."  Miranda v. City of Cornelius, 429 F.3d 858, 862 (9th Cir. 2005).  "'A
23 seizure conducted without a warrant is per se unreasonable under the Fourth Amendment—
24 subject only to a few specifically established and well delineated exceptions.'"  Id. (quoting
25 United States v. Hawkins, 249 F.3d 867, 872 (9th Cir. 2001)).  One such exception is the
26 "community caretaking" doctrine, which allows police officers to impound "vehicles from the
27 streets when they 'jeopardize public safety and the efficient movement of vehicular traffic.'"
28 Sandoval v. City of Sonoma, 912 F.3d 509, 516 (9th Cir. 2018), cert. denied sub nom. City of

1  Sonoma, California v. Sandoval, 140 S. Ct. 142 (2019) (quoting Brewster v. Beck, 859 F.3d 1194,
2  1196 (9th Cir. 2017)).

3        California Vehicle Code section 22651 provides that a car may be impounded by a police
4  officer if it is found on a "highway" with "a registration expiration date in excess of six months before
5  the date is found[.]"  Cal. Veh. Code § 22651(o)(1)(A).  A "highway" includes a street.  Cal. Veh.
6  Code § 360 (West 2020).  Additionally, a vehicle should not be driven unless it is registered, the
7  appropriate fees have been paid, Cal. Veh. Code § 4000(a)(1) (West 2020), and it has a valid smog
8  certificate, see id. at § 4000(b); Cal. Health & Safety Code § 44011 (West 2020) (requiring registered
9  motor vehicles, subject to exception, to have biannual smog checks).

10        Nonetheless, "the decision to impound pursuant to authority of a city ordinance and state
11  statute does not, in and of itself, determine the reasonableness of the seizure under the Fourth
12  Amendment."  Miranda, 429 F.3d at 864.  Other courts have found seizure authorized Cal. Veh. Code
13  § 22651(o) to be reasonable.  Hylton v. Anytime Towing, No. 11-cv-1039-GPC WMC, 2012 WL
14  5498887, at *13 (S.D. Cal. Nov. 13, 2012), aff'd sub nom. Hylton v. Towing, 563 F. App'x 570 (9th
15  Cir. 2014) (holding the impoundment of a vehicle based on Cal. Veh. Code § 22651(o)(1)(A) by
16  police due to a registration expiration date in excess of nine months for failure to get a smog check
17  was reasonable); Leslie v. City of Sand City, 615 F. Supp. 2d 1121, 1126 (N.D. Cal. 2009) (holding
18  the impoundment of a vehicle under Cal. Vehicle Code section 22651(o) because its registration was
19  two-years expired was reasonable).  Furthermore, "an impoundment may be proper under the
20  community caretaking doctrine if the driver's violation of a vehicle regulation prevents the driver
21  from lawfully operating the vehicle[.]"  Miranda, 429 F.3d at 865.

22        The impoundment of plaintiff's vehicle falls squarely within the community caretaking
23  exception and therefore constitutes a reasonable seizure as a matter of law.  Plaintiff's truck was
24  parked on a street.  ECF No. 7 at 27, lines 12-13.  The truck's registration had expired in 2018, more
25  than a year before it was towed.  Id. at 30.  A smog certificate was outstanding.  Id.  Accordingly, Cal.
26  Veh. Code § 22651(o)(1)(A) authorized impoundment.  Furthermore, plaintiff could not legally drive
27  the car because its registration had expired.  These facts establish that towing and impoundment were
28  legally proper and were reasonable within the meaning of the Fourth Amendment.  Under these

circumstances, there can be no Fourth Amendment violation.  Plaintiff's unreasonable seizure allegations therefore do not state a claim upon which relief may be granted, and the Fourth Amendment § 1983 claim must be dismissed.

### C. Plaintiff Cannot Maintain Causes of Action Predicated on Criminal Law

The second amended complaint asserts putative claims under Title 18 of the United States Code, but plaintiff may not pursue civil remedies for violations of the criminal code.  A citizen does not have authority to bring criminal charges.  "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch."  Clinton v. Jones, 520 U.S. 681, 718 (1997) (Breyer, J., concurring).  Both 18 U.S.C. § 242 and § 1519 are criminal statutes, and thus provide no basis for civil liability.  See 18 U.S.C. § 242, 1519; Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (18 U.S.C. § 242 provides no basis for civil liability); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability); see also Bratset v. Davis Joint Unified Sch. Dist., 2017 U.S. Dist. Westlaw 6484308, *4 (E.D. Cal. 2017) (18 U.S.C. § 1519 does not provide a private right of action.)  Plaintiff's allegations that information was falsified in violation of the U.S. Criminal Code cannot support claims for relief.  Accordingly, both Title 18 claims must be dismissed.

### D. Futility of Amendment

If the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend.  Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll, 809 F.2d at 1448)).  However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court may dismiss without leave to amend.  Cato, 70 F.3d at 1105–06.

Here, all claims fail as a matter of law and could not be cured by the pleading of additional facts.  Plaintiff has attached evidence of which the court can take judicial notice (an

official document noting her expired vehicle registration), which makes it clear that she cannot state a cognizable legal claim. Accordingly, amendment would be futile and leave to amend should be denied.

### III. CONCLUSION

Accordingly, the undersigned recommends as follows:

1. That the motion to dismiss at ECF No. 13 be GRANTED; and

2. That the second amended complaint (ECF No. 7) be DISMISSED in its entirety, with prejudice, for failing to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998), as amended on denial of reh'g (Nov. 24, 1998); Martinez v. Ylst, 951 F.2d 1153, 1156–57 (9th Cir. 1991).

DATED: June 10, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE